**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KJELDEN CUNDIFF,<br><br>                    Plaintiff,<br><br>vs.<br><br>DOLLAR LOAN CENTER, LLC, *et al.,*<br><br>                    Defendants. | Case No. 2:09-cv-02441-PMP-PAL<br><br>**ORDER**<br><br>(Mot. Protective Order - Dkt. #50)<br>(Mot. Quash Subpoenas - Dkt. #53)<br>(Mot. Protective Order - Dkt. #56) |

       The court conducted a hearing on Defendants' Motion for Protective Order, Plaintiff's Emergency Motion to Quash Subpoenas (Dkt. #53), and Plaintiff's Emergency Motion for Protective Order (Dkt. #56) on July 27, 2010. James Kemp appeared on behalf of the Plaintiff, and Anthony Hall and Deanna Brinkerhoff appeared on behalf of the Defendants. The court has considered the moving and responsive papers, and the arguments of counsel at the hearing.

       **1.**       <u>**Defendant's Motion for Protective Order (Dkt. #50)**</u>

       Counsel for Defendants requests that the court enter a proposed protective order in the form attached as Exhibit "A" to the motion to facilitate the parties' written discovery exchanges. Plaintiff opposes the Motion for Protective Order asserting Defendants are attempting to prevent the Plaintiff from proving key elements of his case and that he suspects that defense counsel intends to use the protective order for improper purposes. Plaintiff does not oppose a protective order regarding personal financial information of individuals in this case, and for documents that are genuinely "trade secrets". However, Plaintiff asked that Defendants be required to follow the "correct procedure of making a showing as to specific documents being trade secrets" to preserve the presumption of public access to discovery materials. During oral argument counsel for Plaintiff indicated he fears that the Defendants

///

will designate too many documents as confidential in an effort to run up costs and fees litigating the propriety of designations.

Defendants reply that its proposed form of protective order comports with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, (9th Cir. 2006). During oral argument counsel for Defendants assured the court that it did not intend to over-designate documents as confidential and cited Pragraph 10 of the proposed order that contains a mechanism for complying with the *Kamakana* decision's directives.

Having reviewed and considered the matter, the court will enter a protective order governing confidentiality of documents in this case, generally adopting the form of order plaintiff proposes with modifications. However, the court cautioned counsel to be selective in designating documents as confidential indicating appropriate sanctions would be imposed.

Counsel for Defendants shall send an electronic copy of the proposed protective order (attached as Exhibit "A" in the motion) to the undersigned's Judicial Executive Assistant at Teresa_Hoskin@nvd.uscourts.gov in WordPerfect format no later than July 30, 2010.

**2.    Plaintiff's Emergency Motion to Quash Subpoenas (Dkt. #53)**

Plaintiff filed an emergency motion seeking to quash the subpoenas served on the Florida Department of Corrections and General Mills, Inc. on various grounds. It was filed as an emergency motion because compliance with the subpoenas was due July 7, 2010. Defendants filed an opposition (Dkt. #55) indicating the two subpoenas had been voluntarily withdrawn and will be reissued. Defendants point out that counsel for Plaintiff failed to comply with the requirements of Local Rule 26-7 which requires an Affidavit from the attorney filing an emergency motion containing a statement of how and when opposing counsel was notified of the motion, or why it was not practicable to notify opposing counsel. The court advised Mr. Kemp that compliance with the meet and confer obligations of the Federal Rules of Civil Procedure and Local Rules of Practice is required and that the requirements will be enforced. The court also advised counsel for Defendants that any Rule 45 subpoenas issued in this case shall be served on opposing counsel at least contemporaneously with service on non-parties.

///

As the subpoenas have been voluntarily withdrawn, the Emergency Motion to Quash (Dkt. #53) is **DENIED as moot**.

### 3.  Defendants' Emergency Motion for Protective Order (Dkt. #56)

Defendants filed an Emergency Motion for Protective Order seeking to preclude the Plaintiff from going forward with the deposition of Defendant Brennan which was unilaterally noticed by counsel for Plaintiff to proceed on July 28, 2010.  Counsel for Defendants advised counsel for Plaintiff that he would be unable to attend depositions on July 28, 2010.  Additionally, Mr. Brennan has plans to be out of the state on business on July 28, 2010.  Plaintiff filed an opposition (Dkt. #61) indicating that Defendants had been uncooperative in providing available dates for Mr. Brennan's deposition, and that the Defendants unilaterally noticed the Plaintiff's deposition.  Plaintiff would agree to move Mr. Brennan's deposition provided plaintiff is not materially prejudiced by having Mr Brennan's deposition taken too close to the deadline for designating expert witnesses.  Plaintiff requests that the court extend the deadline for him to designate expert witnesses until thirty days after Mr. Brennan's deposition is completed.

During oral argument, counsel for Plaintiff indicated that his client would not be available for deposition until the end of October as a result of law enforcement training.  Counsel for both sides acknowledge that they would prefer to schedule depositions during a block of time to avoid additional travel expenses and costs.  Both sides anticipate some adjustment of the extended Discovery Plan and Scheduling Order deadlines may be required.

The court directed counsel to meet and confer to schedule all remaining discovery in this case and to submit a revised stipulated extension of the Discovery Plan and Scheduling Order deadlines. The court expects that counsel will cooperate in scheduling the remaining depositions as expeditiously as possible.

**IT IS ORDERED** that:

1.  Defendants' Motion for Protective Order (Dkt. #50) is **GRANTED** and counsel for Defendant shall electronically transmit a copy of the proposed protective order (attached as Exhibit "A" to the motion) to the undersigned's Judicial Executive Assistant at Teresa_Hoskin@nvd.uscourts.gov in WordPerfect format no later than **July 30, 2010.**

2. Plaintiff's Emergency Motion to Quash Subpoenas (Dkt. #53) is **DENIED as moot.**

3. Defendants' Emergency Motion for a Protective Order (Dkt. #56) is **GRANTED** to the extent the deposition of Defendant Brennan need not proceed as currently scheduled on July 28, 2010. Plaintiff shall have thirty days from the completion of Mr. Brennan's deposition in which to designate experts.

4. The parites shall forthwith meet and confer to schedule all remaining discovery in this case to be completed as expeditiously and as cost efficiently as possible. The parties shall have until **August 3, 2010** in which to submit any requests for extension of the Discovery Plan and Scheduling Order deadline consistent with the court's directive at the hearing and in this order.

Dated this 27th day of July, 2010.

_____
Peggy A. Leen
United States Magistrate Judge