Anthony L. Hall, Esq.
Nevada Bar No. 5977
Deanna C. Brinkerhoff, Esq.
Nevada Bar No. 11066
HOLLAND & HART LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, Nevada 89169
(702) 669-4600
(702) 669-4650 – fax
ahall@hollandhart.com
dcbrinkerhoff@hollandhart.com

*Attorneys for Defendants*
*Dollar Loan Center, LLC, Clark County*
*Collection Service, LLC, Charles C. Brennan*
*Living Trust, Charles C. Brennan*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KJELDEN CUNDIFF, | Case No. : 2:09-cv-02441-PMP-PAL |
| Plaintiff, | |
| vs. | **PROTECTIVE ORDER** |
| DOLLAR LOAN CENTER, LLC, a Nevada Limited Liability Company; CLARK COUNTY COLLECTION SERVICE, LLC, a Nevada Limited Liability Company; CHARLES C. BRENNAN LIVING TRUST; CHARLES C. BRENNAN, individually and as Manager and as Trustee, | |
| Defendants. | |

 1. This Protective Order shall apply to information, documents, or materials a party to this litigation has produced or may produce which that party believes in good faith contains confidential or proprietary business, personnel, or financial information or communications about one of more of the parties (collectively, "Information"). The Information specifically includes the documents already produced by the Parties, including the documents produced in each party's Initial Disclosures.

 2. Except with the prior written consent of the parties or upon prior order of the Court obtained upon noticed motion, the confidential Information shall not be shown, delivered, or disclosed to any person

other than the parties, the undersigned counsel for the parties or members of such counsel's firm, including associates, paralegal, clerical, secretarial, and administrative employees of such counsel assigned to assist in the preparation of this litigation, or other permitted individuals as forth in section 7.

3. All or any part of a document, item, testimony, or other Information disclosed, produced, or filed in this litigation may be designated as "Confidential" by any party by marking the word on the face of the original of the document and each page so designated, or on the face of the photocopy of the document, and on the photocopies of each page so designated, except as to documents containing more than twenty-five (25) pages, in which case marking the top page with "Confidential" will suffice. Oral testimony may be designated as Confidential during the deposition or proceeding, with reasonable precision as to the affected testimony, or within seven (7) business days after receipt of the transcript of such deposition or proceeding by sending written notice designating, by page and line, the portions of the transcript of the deposition or other testimony to be treated as confidential with the word Confidential, as appropriate. All or any part of responses to interrogatories or to requests for admission or for production of documents may be designated as set forth above on the face of the response and each page so designated.

4. Such Information shall be used solely for the purpose of this litigation, and will not be used, disclosed, or reproduced outside the context of this litigation. Any person receiving such Information shall restrict its disclosure to persons authorized to receive the Information pursuant to this Order. A Confidential designation is applicable to all copies and reproductions of any Information. Nothing in this Order requires either party to produce Information the party believes is privileged or otherwise non-discoverable. By entering into this Order, the parties do not waive any right to object to any discovery request, to the admission of evidence on any ground, to seek further protective order, or to seek relief from the Court from any provision of this Order.

5. Any party may challenge at any time the propriety of a designation of Information as Confidential. Before seeking relief from the Court, the parties shall attempt to resolve the dispute informally and in good faith. If the parties are unable to resolve such dispute, it shall be submitted to the

Court. The Information shall be treated as confidential according to its designation pending resolution of the challenge.

6. Compliance with the terms of this Order, production or receipt of Information designated Confidential, and/or allowing Information to be designated as Confidential shall not in any way operate as an admission that any particular Information is confidential. Failure to challenge the designation of Information as Confidential does not preclude a subsequent challenge. The designation of Information as Confidential does not create a presumption in favor of or against that designation.

7. Only the following persons may have access to Information designated as Confidential:

(a) Counsel of record for the respective parties, including office associates, paralegals, stenographic and clerical employees;

(b) Experts or consultants (including their employees, associates, and/or support staff) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies, or providing opinions to assist in any way in the litigation. Information designated Confidential that is accessed by experts or consultants shall be limited to documents that the experts or consultants reasonably need to review in their roles as experts or consultants;

(c) Electronic imaging and/or computer litigation support personnel retained by one or more of the parties in this litigation or by the parties' counsel;

(d) The Court and its personnel, including clerks and stenographic reporters who record deposition of other testimony in this litigation;

(e) Outside photocopying services, graphic production services, or litigation support services employed by the parties or their counsel to assist in this litigation, and computer personnel performing duties in relation to a computerized litigation system; and

(f) Any other person whom the producing party agrees to in writing.

8. Persons may be deposed regarding Information of which they have knowledge which has been designated Confidential. Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all testimony containing confidential Information is and shall remain confidential and shall not be disclosed except as provided in this Order and that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to attorneys of record.

9.     This Order does not affect the right of the parties to designate as Confidential any Information which has been produced prior to the entry of this Order. Any disclosure of such Information prior to its designation as Confidential shall not be deemed a violation of this Order. This Order shall not prejudice the right of the parties to designate as Confidential the Information a party has inadvertently produced without the sought designation.

10.     If a party seeks to file Information designated Confidential with the Court, the party seeking to file such Information must first submit a Motion to Allow Filing Under Seal to the Court, unless the party to whom the confidential Information pertains agrees in writing that such Information need not be filed under seal. A Motion to Allow Filing Under Seal must include a specific description of the Information or categories of Information it seeks to file under seal, along with a clear statement of the facts justifying a seal, including the harm which would result if the Information was not filed under seal. Such statement must be made by declaration or affidavit. A party may request that such Motion be heard on an emergency basis and the other party hereby consents to the Court shortening the time for such a motion. If a party seeks to file under seal Information designated Confidential as part of a dispositive motion, that party must demonstrate compelling reasons to the Court for preserving the secrecy of that Information. If a party seeks to file under seal Information designated Confidential as part of a non-dispositive motion, that party must demonstrate good cause to the Court for preserving the secrecy of that Information. If the party seeking to file such confidential Information is not the party to whom the confidential Information pertains, the party to whom the confidential Information pertains may also seek to demonstrate good cause or compelling reasons to the Court for preserving the secrecy of that Information, independently of whatever showing is made by the party seeking to file such Information. Until the parties otherwise agree or the Court so determines, all Information designated Confidential shall continue to be treated as Confidential in accordance with this Order. In the event the Court refuses to allow the filing under seal of such Information designated as Confidential, a party shall still be permitted to file such Information, but it will continue to be treated as Confidential in all other respects. The Court may change the terms of this section

of this Order on its own motion after notice to the parties and an opportunity to be heard. All filing deadlines will be tolled while a motion that is filed under this section is pending before the Court.

11. <u>Conclusion of Proceedings</u>: Within forty-five (45) days following termination of this litigation by final judgment, settlement or otherwise (including any appeals):

12.

    (a) All Information subject to the provisions of this Order shall be destroyed or delivered to counsel of the producing party or the third party that produced the documents.

    (b) To the extent any Information designated Confidential is destroyed, counsel for the destroying party shall so represent in writing to counsel for the producing party.

    (c) As to Information filed under seal, the producing party shall be obligated to retrieve those documents from the Court and the other party will support any motion to this effect.

13. <u>Jurisdiction and Enforcement</u>: Any person to whom Information designated Confidential is disclosed shall be subject to the jurisdiction of the Court for purposes of determining, assuring, and adjudging such person's compliance with this Order. This jurisdiction shall survive the termination of this litigation. Any party or person subject to this Order who violates its provisions shall be liable for damages for any injuries or loss suffered by the producing party as a result of such violation.

This Order and the agreement embodied herein shall survive the termination of this litigation and continue in full force and effect.

**ORDER**

IT IS SO ORDERED.

*/s/ Peggy A. Leen*
United States Magistrate Judge

DATED: October 13, 2010